ORIGINAL

KAREN JOHNSON-MCKEWAN (State Bar No. 121570)
kjohnson-mckewan@orrick.com
CHRISTINA VON DER AHE (State Bar No. 255467)
cvonderahe@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Fax: (415) 773-5759

I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@orrick.com
MICHAEL C. SPILLNER (State Bar No. 205785)
mspillner@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Fax: (650) 614-7401

DEBORAH K. MILLER (State Bar No. 95527)
deborah.miller@oracle.com
PEGGY E. BRUGGMAN (State Bar No. 184176)
peggy.bruggman@oracle.com
LESLEY E. KOTHE (State Bar No. 209512)
lesley.kothe@oracle.com
ORACLE CORPORATION
500 Oracle Parkway
Redwood City, CA 94065
Telephone: (650) 506-5200
Fax: (650) 506-7114

Attorneys for Plaintiffs Oracle Corporation and Oracle International Corporation

FILED
2011 FEB 25 P 3:33
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing
PSG

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV11 0910

ORACLE CORPORATION and ORACLE INTERNATIONAL CORPORATION,

Plaintiffs,

v.

DRUGLOGIC, INC.,

Defendant.

Case No.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiffs Oracle Corporation, Inc. ("Oracle Corporation") and Oracle International Corporation ("Oracle International") (collectively, "Oracle") complain against defendant DrugLogic, Inc. ("DrugLogic") as follows:

## NATURE OF THE ACTION

1. This is a complaint for patent infringement under 35 U.S.C. §§101, *et seq*., and for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

## PARTIES

2. Oracle Corporation is a corporation organized under the laws of Delaware and having a principal place of business in Redwood Shores, California.

3. Oracle International is a corporation organized under the laws of California and having a principal place of business in Redwood Shores, California.

4. On information and belief, DrugLogic is a corporation organized under the laws of Delaware and having a principal place of business in Reston, Virginia.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. DrugLogic is subject to personal jurisdiction in this district based on its systematic and continuous contacts with this district and its purposeful acts and/or transactions directed toward this district. Such contacts include without limitation DrugLogic's past and ongoing infringing conduct in this district and its bringing of a lawsuit in this district, alleging infringement of the same patent that is the subject of this lawsuit.

7. Venue is proper in this district under 28 U.S.C. §§ 1400(b) and 1391(b) and (c).

## FIRST CLAIM FOR RELIEF

### (Infringement of the '221 Patent)

8. Oracle realleges and incorporates by reference the allegations of paragraphs 1-7.

9. Oracle International is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,684,221 ("the '221 patent"), entitled "Uniform Hierarchical Information

Classification and Mapping System." The '221 patent was duly and legally issued on January 27, 2004 in the name of inventor Kim Rejndrup. A copy of the '221 patent is attached hereto as Exhibit A.

10. On information and belief, DrugLogic has been and is currently directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of, at least Claim 1 of the '221 patent through its design, marketing, manufacture, and/or sale of its Qscan product suite and related products and services. Discovery of material currently in the sole possession, custody, and/or control of DrugLogic will likely lead to evidence of infringement of other claims of the '221 patent.

11. Before this action, DrugLogic was aware of the '221 patent. DrugLogic continued its infringing activity despite its knowledge of the '221 patent and despite an objectively high likelihood that its actions constituted infringement of the '221 patent. Accordingly, DrugLogic's infringement has been willful and deliberate.

12. Oracle has suffered, and will continue to suffer, irreparable injury as a result of DrugLogic's infringement. Pursuant to 35 U.S.C. §§ 283 and 284, Oracle is entitled to damages and to a permanent injunction against further infringement.

13. This case is exceptional, and therefore, Oracle is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of '091 Patent)**

14. Oracle realleges and incorporates by reference the allegations of paragraphs 1-13.

15. On December 17, 2010, DrugLogic filed a complaint against Oracle Corporation and Phase Forward, Inc. ("Phase Forward"), a company that Oracle acquired in 2010, in the United States District Court for the Northern District of California, Civil Action No. 10-05771 (JCS). DrugLogic served its complaint on December 23, 2010.

16. In its complaint, DrugLogic alleged that Oracle and Phase Forward directly and indirectly infringe and infringed at least four claims of U.S. Patent No. 6,789,091 ("the '091

patent"), by making and selling their Empirica Signal products and related products. DrugLogic also alleged that Oracle and Relsys International, Inc. ("Relsys"), another company that Oracle acquired in 2009, directly and indirectly infringe and infringed at least four claims of the '091 patent by making and selling their Argus Perceptive products and related products. DrugLogic also asserted a claim against Oracle for breach of contract arising out of a Co-Marketing and Development Agreement between DrugLogic and Relsys. DrugLogic's complaint requested damages and an injunction.

17. On February 23, 2011, without explanation, DrugLogic voluntarily dismissed its complaint without prejudice pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(i) and 41(a)(1)(B).

18. On information and belief, despite its voluntary dismissal, DrugLogic still intends to pursue a claim for patent infringement against Oracle based on the '091 patent.

19. Oracle denies that it, Phase Forward, or Relsys infringe or infringed any claims of the '091 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

20. As a result, there is an actual controversy between DrugLogic and Oracle as to whether Oracle, Phase Forward, and Relsys infringe or infringed the '091 patent.

21. Oracle thus seeks a declaratory judgment of non-infringement of the '091 patent.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of '091 Patent)**

22. Oracle realleges and incorporates by reference the allegations of paragraphs 1-21.

23. In its complaint against Oracle and Phase Forward, DrugLogic alleged that the '091 patent is valid.

24. Oracle denies that the '091 patent is valid, due to a failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

25. As a result, there is an actual controversy between DrugLogic and Oracle as to whether the '091 patent is valid.

26. Oracle thus seeks a declaratory judgment that the '091 patent is invalid.

**DEMAND FOR JURY TRIAL**

Oracle hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Oracle prays for:

A. A judgment that DrugLogic infringes and infringed, directly and indirectly, the '221 patent;

B. Permanent injunctive relief against DrugLogic, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, that restrains and enjoins them from directly and indirectly infringing the '221 patent;

C. Compensatory damages in an amount according to proof;

D. Exemplary damages based on DrugLogic's willful infringement;

E. A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285;

F. A declaratory judgment that that Oracle, Relsys, and Phase Forward do not and did not infringe any claim of the '091 patent;

G. A declaratory judgment that each and every claim of the '091 patent is invalid;

H. Pre-judgment interest in an amount according to proof;

I. Reasonable attorneys' fees and costs of suit; and

J. Such other and further relief as the Court deems just and proper.

Dated: February 25, 2011

Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP
KAREN JOHNSON-MCKEWAN
I. NEEL CHATTERJEE
MICHAEL C. SPILLNER
CHRISTINA VON DER AHE

By: ______________________
Christina M. Von der Ahe

Attorneys for Plaintiffs
Oracle Corporation and Oracle International Corporation