Martin L. Fineman (California State Bar No. 104413)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, California 94111-6533
Phone: (415) 276-6500
Fax: (415) 276-6599
E-mail: martinfineman@dwt.com

Joseph N. Hosteny *(pro hac vice granted)*
Gregory P. Casimer *(pro hac vice granted)*
Gabriel I. Opatken *(pro hac vice granted)*
NIRO, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602-4515
Phone: (312) 236-0733
Fax: (312) 236-3137
E-mail: hosteny@nshn.com
E-mail: casimer@nshn.com
Email:  gopatken@nshn.com

**(Additional counsel listed on signature page)**

*Attorneys for Defendant and Counterclaimant DRUGLOGIC, INC.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE CORPORATION and ORACLE INTERNATIONAL CORPORATION,<br><br>                              Plaintiffs,<br><br>     v.<br><br>DRUGLOGIC, INC.,<br>                              Defendant.<br>_____<br><br>DRUGLOGIC, INC.,<br>                    Counter-Claimant,<br><br>     v.<br><br>ORACLE CORPORATION, ORACLE INTERNATIONAL CORPORATION, and PHASE FORWARD, INC.,<br><br>                    Counter-Defendants. | Case No. 11-cv-0910-JCS<br><br>**DRUGLOGIC'S OPPOSITION TO ORACLE'S MOTION TO DISMISS AND STRIKE DRUGLOGIC'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**<br><br>Date:    August 5, 2011<br>Time:    9:30 a.m.<br><br>The Honorable Joseph C. Spero |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. THE STANDARD FOR A RULE 12(B)(6) MOTION ....................................... 1

III. THE BREACH OF CONTRACT IS SUFFICIENTLY PLEADED ................... 3

IV. DRUGLOGIC'S ALLEGATION OF WILLFULNESS IS SUFFICIENT ........ 5

V. DRUGLOGIC HAS PLEADED INEQUITABLE CONDUCT WITH SUFFICIENT PARTICULARITY ................................................................... 9

VI. THE FOURTH AND FIFTH AFFIRMATIVE DEFENSES ............................ 12

VII. CONCLUSION .................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Acoustics, Inc. v. Trepte Construction Co.*,
    14 Cal.App.3d 887 (1971) ...................................................................................................3

*Advanced Ion Beam Tech., Inc. v. Varian Semiconductor Equip. Assocs.*,
    721 F. Supp. 2d 62 (D. Mass. 2010) ..............................................................................10, 11

*Barnes v. AT&T Pension Benefit Plan – Nonbargained Program*,
    718 F.Supp. 2d 1167 (N.D. Cal. 2010) ...............................................................................13

*Bell Atlantic v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007) ....................................................................................7

*Buckheit v. Dennis*,
    713 F.Supp.2d 910 (N.D. Cal. 2010) .................................................................................2, 4

*Convolve, Inc. v. Compaq Computer Corp.*,
    224 F.R.D. 98 (S.D.N.Y. 2004) ............................................................................................6

*Davenport v. Litton Loan Servicing, LP*,
    725 F.Supp.2d 862 (N.D. Cal. 2010) .............................................................................1, 2, 3

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
    567 F.3d 1314 (Fed. Cir. 2009)...................................................................................5, 6, 13

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)..............................................................................................9

*Helm v. Alderwoods Group, Inc.*,
    696 F.Supp.2d 1057 (N.D. Cal. 2009) ...............................................................................1, 2

*In re Seagate Technology, LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) ............................................................5, 6, 7, 8, 13

*IpVenture v. Cellco Partnership*,
    2011 WL 207978 (N.D. Cal. Jan. 21, 2011) .....................................................................6, 7

*Jardin v. Datallegro, Inc.*,
    2009 U.S. Dist. Lexis 3339 (S.D. Cal. January 18, 2009). ....................................................7

*Rambus, Inc. v. Nvidia Corp.*, 2008 U.S. Dist. LEXIS 95168, 2008 WL 4911165 at *2
    (N.D. Cal. Nov. 13, 2008)) ...................................................................................................7

*Konami Digital Entm't v. Harmonix Music Sys., Inc.*,
　Civil Action No. 6:08CV286-JDL, 2009 U.S. Dist. LEXIS 117468, 2009 WL
　5061812 (E.D. Tex. Dec. 14, 2009) .................................................................................... 9

*Moss v. U.S. Secret Service,*
　572 F.3d 962 (9th Cir. 2009) ........................................................................................ 2, 3

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.,*
　2010 U.S. Dist. Lexis 29267 (E.D.N.Y. March 26, 2010) .................................................. 13

*Padilla v. Yoo*,
　633 F.Supp.2d 1005 (N.D. Cal. 2009) ............................................................................... 1

*Rosal v. First Federal Bank of California*,
　671 F.Supp.2d 1111 (N.D. Cal. 2009) ........................................................................... 1, 2

*Sentry Prot. Prods. Inc. v. Eagle Mfg. Co.,*
　400 F.3d 910 (Fed. Cir. 2005) .......................................................................................... 7

*Sony Corp. v. LG Electronics U.S.A., Inc.,*
　2011 U.S. Dist. Lexis 52481 (S.D. Cal. April 18, 2011) ..................................................... 7

*Therasense, Inc. et al. v. Becton, Dickinson & Co. et al,*
　2011 U.S.App. LEXIS 10590. (Fed. Cir. May 25, 2011) (*en banc*) ............................ 13, 14

*Ultratech International, Inc. v. Aqua-Leisure Industries, Inc.,*
　2009 U.S. Dist. Lexis 80997 (M.D. Fla. March 3, 2009) ................................................... 7

*WesternGeco v. Ion Geophysical Corp.*,
　Civil Action No. 09-CV-1827, 2009 U.S. Dist. LEXIS 100277, 2009 WL 3497123
　(S.D. Tex. Oct. 28, 2009) ................................................................................................ 10

STATUTES

35 U.S.C. § 285 ............................................................................................................. 12, 13

OTHER AUTHORITIES

Fed.R.Civ.P. 54(d)(2) .......................................................................................................... 13

Federal Rule 8(a)(2) ............................................................................................................. 2

Federal Rule of Civil Procedure 8(a) ................................................................................... 7

Rule 9(b) ......................................................................................................................... 9, 10

RULE 12(B)(6) ....................................................................................................... 1, 2, 3, 4, 6

## I. INTRODUCTION

Throughout this opposition, DrugLogic refers to the defendants as "Oracle," unless the context requires otherwise, such as in the discussion of the Co-Marketing Development Agreement (CMDA) between DrugLogic and Relsys. This opposition refers to DrugLogic's Answer, Affirmative Defenses and Counterclaims as its "Pleading," with paragraph numbers provided as necessary unless the context requires otherwise.

## II. THE STANDARD FOR A RULE 12(b)(6) MOTION

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1119 (N.D. Cal. 2009) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Rule 12(b)(6) dismissal is only appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. "The issue is not whether a [claimant] is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims." *Id*. (citing *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978)). Therefore, to survive a motion to dismiss, a claimant's burden is limited to setting forth factual allegations sufficient to "raise the right to relief above the speculative level." *Padilla v. Yoo*, 633 F.Supp.2d 1005, 1019 (N.D. Cal. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept a claimant's factual allegations as true, and construe the claims in the light most favorable to the non-moving party. *Davenport v. Litton Loan Servicing, LP,* 725 F.Supp.2d 862, 871 (N.D. Cal. 2010). The Court generally may not consider any material beyond the pleadings in a Rule 12(b)(6) motion. *Helm v. Alderwoods Group, Inc.*, 696 F.Supp.2d 1057, 1072 (N.D. Cal. 2009) (citing *Lee v. City*

*of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The Court may consider material that is (1) properly submitted as part of the claims; or (2) if the documents are not physically attached, they may be considered if the documents' authenticity is not contested and the claimant's claims necessarily rely on them. *Id*. (citing *Lee*, 250 F.3d at 668).

Under Federal Rule 8(a)(2), a pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and the pleading must give "fair notice of what the claim is and the grounds upon which it rests." *Buckheit v. Dennis,* 713 F.Supp.2d 910, 917 (N.D. Cal. 2010) (quoting *Twombly*, 550 U.S. at 555). This mandate does not require "detailed factual allegations, but 'demands more than an unadorned, the-defendant-harmed-me accusation' or 'naked assertion[s] devoid of further factual enhancement.'" *Davenport*, 725 F.Supp.2d at 871 (quoting *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)).

In order to survive a Rule 12(b)(6) motion to dismiss, a pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Buckheit*, 713 F.Supp.2d at 917 (quoting *Twombly*, 550 U.S. 544, 127 S.Ct. at 1969). In short, a claimant must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Rosal,* 671 F.Supp.2d at 1119). (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 129 S.Ct. at 1940).

Courts are free to grant a party leave to amend whenever "justice so requires." *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009) (quoting Fed.R.Civ.P. 15(a)(2)). Moreover, "requests for leave should be granted with 'extreme liberality.'" *Id*. (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)). "Dismissal without leave to

amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Id.*

### III. THE BREACH OF CONTRACT IS SUFFICIENTLY PLEADED

DrugLogic has properly pleaded a breach of contract claim against Relsys. Indeed, DrugLogic has alleged: 1) the existence of a contract (DrugLogic's Answer, Affirmative Defenses and Counterclaims, Document 9 (DrugLogic's Pleading), ¶¶ 79-82); 2) DrugLogic's performance (DrugLogic's Pleading, ¶ 87); Relsys' breach (DrugLogic's Pleading, ¶ 85); and harm to DrugLogic (DrugLogic's Pleading, ¶ 86). This is all that is required. *Acoustics, Inc. v. Trepte Construction Co.,* 14 Cal.App.3d 887, 913 (1971). DrugLogic has also alleged that Oracle is the successor in interest to the business of Relsys (DrugLogic's Pleading, ¶¶ 52, 70). Therefore DrugLogic has sufficiently pleaded a cause of action for breach of contract against Oracle as well, since the allegation includes any liability Oracle inherited by the acquisition of Relsys.

Oracle's argument goes to the truth of various facts about the contract alleged to have been breached and the truth of various details involving the acquisition and merger of Relsys into Oracle in 2009. Oracle construes DrugLogic's allegations narrowly, drawing inferences that are favorable to Oracle. For example, Oracle argues at page 12 that this allegation by DrugLogic

> "Relsys breached the CMDA by failing to protect DrugLogic's confidential information and by disclosing and selling the confidential information to third parties including Oracle."

should be understood as only an allegation that "when Oracle bought Relsys and acquired its assets, Relsys breached the confidentiality agreement by 'disclosing' and 'selling' DrugLogic's confidential information to Oracle as part of the acquisition transaction." (Oracle Mem at 11).

But when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party. *Davenport,* 725 F.Supp.2d at 871. In order to survive, DrugLogic's pleading need only "contain either direct or inferential

3

ORACLE V. DRUGLOGIC 11-cv-0910 PSG

DRUGLOGIC'S OPPOSITION TO ORACLE'S MOTION TO DISMISS

allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Buckheit*, 713 F.Supp.2d at 917.

Oracle asks for relief by reading out of the complaint entirely DrugLogic's direct allegations that other third parties were involved in Relsys' breaching conduct. (DrugLogic's Pleading, ¶¶ 84, 85). Equally impermissible is Oracle's request that the court narrowly infer from the allegation that the breaching conduct is limited to the acquisition of Relsys – a fact not even mentioned. Oracle's argument can succeed only if it has correctly characterized the allegations in DrugLogic's counterclaim as being limited to the claim that the breaching conduct was the act of Oracle purchasing Relsys. But that reading is impermissible under the standards of Rule 12(b)(6), as well as on a plain reading of the allegations.

Oracle's argument that DrugLogic has also failed to sufficiently allege harm relies on the same faulty reading of the counterclaim. It argues that DrugLogic must explain in its pleading why the Oracle acquisition harmed DrugLogic. Of course, this assumes (incorrectly, as explained above) that the only breach alleged was due to the acquisition. DrugLogic has alleged other breaches and therefore the allegation of harm is sufficient.

Another part of Oracle's interpretation of the contract demonstrates how Oracle is failing to construe the allegations as it should. Oracle says the pleading is insufficient because it inherited all of Relsys's rights:

> But as Relsys's successor-in-interest, Oracle also succeeded to Relsys's contractual *rights and benefits* and thus had the same rights and benefits as Relsys under the CMDA. The CMDA between DrugLogic and Relsys makes this clear, expressly providing that "***[t]he parties' rights and obligations will be binding upon and inure to the benefit of their respective successors*** and permitted assigns." (CMDA at 8.4, attached as Exhibit A hereto*) (emphasis added).
> (Oracle Mem. at 12, emphasis in original).

But Oracle omits the rest of Section 8.4, thus ignoring language preceding its quotation. Section 8.4 says:

> This Agreement and each party's rights, duties and obligations hereunder are personal to the party, and neither party may assign its rights or delegate its duties under this Agreement ***without the prior written consent of the other party*** (which shall not be unreasonably withheld). Any attempt to do so shall be void and of no effect. The parties' rights and obligations will be binding upon and inure to the benefit of their respective successors and permitted assigns.

[(Section 8.4 of Oracle's Exhibit A, at page 7) (emphasis added).]

Since Oracle has offered no evidence of prior written consent by DrugLogic, it has not sufficiently shown that there are no circumstances under which DrugLogic could prevail – even under Oracle's narrow view of the allegations. As Oracle says in its footnote, the CMDA is incorporated by reference. (Oracle Mem. at 12). The entirety of Section 8.4 is incorporated, not just the part Oracle chooses.

Oracle fails to identify any support for its claim that DrugLogic has accused Phase Forward of breach of contract in Counterclaim II. There is no need for the court to dismiss Phase Forward from Counterclaim II because it has not been asserted against Phase Forward.

## IV.   DRUGLOGIC'S ALLEGATION OF WILLFULNESS IS SUFFICIENT

DrugLogic's allegation of willfulness is sufficient. Its counterclaim says:

> 74.   Prior to this action, Relsys, Phase Forward, Oracle Systems, and Oracle were aware of the '091 Patent and had actual notice of DrugLogic's infringement claims. Oracle and Phase Forward have continued their actions despite an objectively high likelihood that these actions constituted infringement of the '091 Patent. This likelihood was known or was so obvious that it should have been known by them. Accordingly, Oracle and Phase Forward's infringement and inducement to infringe has been willful and deliberate.

(DrugLogic's Pleadings, ¶ 74).

Oracle cites *In re Seagate Technology, LLC,* 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) and *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.,* 567 F.3d 1314 (Fed. Cir. 2009) for the proposition that negligence is not sufficient. But DrugLogic's ¶ 74 alleges that "Prior to this

action, Relsys, Phase Forward, Oracle Systems, and Oracle **were aware of** the '091 Patent and **had actual notice** of DrugLogic's infringement claims." (Emphasis added). The allegation is plainly more than simple negligence.

Neither of the cases cited by Oracle involves the adequacy of a pleading. The allegation in *In re Seagate* was short: "Convolve also alleged that Seagate willfully infringed the patents." *In re Seagate,* 497 F.3d at 1366. The district court said that the plaintiffs alleged that "the defendants' infringement of the '635 and '267 patents was 'knowing, willful and deliberate.' (Am. Compl. ¶ 114)." *Convolve, Inc. v. Compaq Computer Corp.,* 224 F.R.D. 98, 105 (S.D.N.Y. 2004).

*In re Seagate* said that decisions by the Supreme Court confirmed that "willful" meant "reckless disregard," and that prior decisions by the Federal Circuit incorrectly set "a lower threshold for willful infringement that is more akin to negligence." 497 F.3d at 1371. *Seagate* held:

> Accordingly, we overrule the standard set out in *Underwater Devices* and hold that ***proof*** of willful infringement permitting enhanced damages requires at least a showing of objective recklessness.

497 F.3d at 1371 (emphasis added). The appellate court continued:

> Accordingly, to ***establish*** willful infringement, a patentee must ***show by clear and convincing evidence*** that the infringer acted despite an objectively high likelihood that its actions infringed a valid patent.

497 F.3d at 1371 (emphasis added). It added that the "ultimate dispute in this case is the proper scope of discovery." *Id. Seagate* never mentions Rule 12(b)(6). It deals with the proof at trial of willful infringements; not the adequacy of a pleading.

*DePuy Spine,* 567 F.3d 1314 is not a case about pleadings, either. It involved an appeal after a trial, and whether the evidence at trial of willfulness was adequate.

Oracle cites *IpVenture v. Cellco Partnership,* 2011 WL 207978 (N.D. Cal. Jan. 21, 2011). But Oracle fails to note or cite the distinguishing factor in that case: The pleader alleged knowledge, *not* of a patent, but of a patent *application.* There was no allegation of knowledge of the issued patent:

> Plaintiff's current complaint merely alleges the factual predicate that Defendants had knowledge of Plaintiff's patent *application*. (*See* Complaint. ¶¶ 48, 77, 111.) Because there are no facts to support the claim that Defendants actually had knowledge of the issued patent, and there is merely the bare recitation of the required legal elements for willful infringement, the Court finds that Plaintiff has failed to state a cause of action for willful infringement. However, Plaintiff has leave to amend to add facts to support its claim of knowledge of the issued patent should Plaintiff be able to assert such a factual predicate. The Court is not persuaded by Plaintiff's argument that the burden of proof versus the burden of pleading makes a determinative distinction. ***In order to state a claim for willful infringement, Plaintiff must make out the barest factual assertion of knowledge of an issued patent.*** This Plaintiff has failed to do, but has leave to do so.

2011 WL 207978, at *2 (emphasis added).

Oracle's research is incomplete. DrugLogic has located additional cases that support DrugLogic. *See*, *Sony Corp. v. LG Electronics U.S.A., Inc.,* 2011 U.S. Dist. Lexis 52481, *13 (S.D. Cal. April 18, 2011) ("The Court finds that plaintiff need not allege specific facts establishing objective recklessness under *Seagate*."); *Ultratech International, Inc. v. Aqua-Leisure Industries, Inc.,* 2009 U.S. Dist. Lexis 80997, *12 (M.D. Fla. March 3, 2009) ("The Court does not find *Twombly* heightened the long established notice pleading requirement of Federal Rule of Civil Procedure 8(a)). *Jardin v. Datallegro, Inc.,* 2009 U.S. Dist. Lexis 3339, *19 (S.D. Cal. January 18, 2009) ("Recently, the Northern District of California found *Seagate* only addressed what is necessary to prove a claim of willfulness, not whether a plaintiff has sufficiently alleged willful infringement as a pleading matter. *Rambus, Inc. v. Nvidia Corp.,* 2008 U.S. Dist. LEXIS 95168, 2008 WL 4911165 at *2 (N.D. Cal. Nov. 13, 2008)). Accordingly, Plaintiff need only provide "a pleading equivalent to 'with a knowledge of the patent and of his infringement.'" *Sentry Prot. Prods. Inc. v. Eagle Mfg. Co.,* 400 F.3d 910, 918 (Fed. Cir. 2005)

7

*Rambus,* 2008 U.S. Dist. Lexis 95168 involved some of Oracle's counsel in this case. *Rambus* held:

> Defendant moves to dismiss plaintiff's claims of willful infringement because plaintiff does not allege that defendant knew or should have known that its activities had a high likelihood of infringing the asserted patents. Relatedly, defendant moves to strike plaintiff's request for treble damages and attorneys' fees, which are only available for willful infringement and "exceptional" cases. Plaintiff responds that the complaint sufficiently alleges that defendant willfully infringed the Rambus patents because the complaint alleges that "Defendant's infringement of the Rambus Patents . . . has been and is willful, deliberate and in disregard of Rambus' patent rights . . . ." FAC P 31.
>
> The Court agrees with plaintiff, and finds that it is sufficient to allege that defendant's infringement has been "deliberate" and in "disregard" of the patents. See *State Indus. Inc. v. A.O. Smith Corp.,* 751 F.2d 1226, 1237 (Fed. Cir. 1986) (holding that willful infringement requires a determination that "the infringer acted in disregard of the patent"); *cf. Stryker Corp. v. Intermedics Orthopedics, Inc.,* 96 F.3d 1409, 1414 (Fed. Cir. 1996) (stating one of factors for determining willfulness is whether infringer "deliberately" copied ideas or invention of another). While plaintiff's complaint could be more factually detailed, the Court finds that it sufficiently alleges willful infringement. The cases defendant relies on are distinguishable in that they either involve complaints that did not contain any allegation to support treble damages, *Nichia Corp. v. Seoul Semiconductor, Ltd.,* 2006 U.S. Dist. LEXIS 29959, 2006 WL 1233148, at *2 (N.D. Cal. May 9, 2006), or they address what is necessary to prove a claim of willfulness, not whether a plaintiff has sufficiently alleged willful infringement as a pleading matter. See, e.g., *In re Seagate Technology, LLC,* 497 F.3d 1360 (Fed. Cir. 2007).

2008 U.S. Dist. Lexis 95168, *6-7 (footnote omitted).

The cases cited by Oracle support DrugLogic. *Seagate* and *Depuy* address the standard for proving willfulness, not the standard for pleading willfulness. The additional cases cited by DrugLogic also confirm that its pleading is sufficient.

Claims need not plead evidentiary details, but they exist. Oracle knows that the parties exchanged correspondence before this suit was brought. One of those letters states that the Relsys product, Argus, unlawfully imitated and copied from DrugLogic's Qscan product. (See the letter of May 12, 2009 from Dana McDaniel to Ted Cannon, Exhibit 1 to the Declaration of Gabriel I. Opatken). Qscan, the letter added, operated in accordance with the claims of the '091

8

patent, now asserted by DrugLogic in this lawsuit. DrugLogic has alleged Oracle's knowledge of the '091 patent, and has evidence, even without discovery, to support its allegation.

Another useful comparison is Oracle's allegation of willfulness regarding its '221 patent. Oracle pleads:

> 11.     Before this action, DrugLogic was aware of the '221 patent. DrugLogic continued its infringing activity despite its knowledge of the '221 patent and despite an objectively high likelihood that its actions constituted infringement of the '221 patent. Accordingly, DrugLogic's infringement has been willful and deliberate.

(Complaint, ¶ 11).  DrugLogic believes that Oracle's pleading is adequate. Oracle's allegation is indistinguishable from DrugLogic's ¶ 74. Oracle cannot credibly argue that DrugLogic's allegation is insufficient. Therefore, DrugLogic's claim for willfulness should not be dismissed.

## V.     DRUGLOGIC HAS PLEADED INEQUITABLE CONDUCT WITH SUFFICIENT PARTICULARITY

The substantive elements of inequitable conduct are that: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the Patent Office.  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n. 3 (Fed. Cir. 2009) (citations omitted).  A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b). *Id*. at 1326-27. Rule 9(b) requires "identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1327.  Knowledge and intent may be averred generally, but the pleading must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29.

ORACLE V. DRUGLOGIC 11-cv-0910 PSG                                    DRUGLOGIC'S OPPOSITION TO
                                                                      ORACLE'S MOTION TO DISMISS

However, "[t]he Federal Circuit teaches that these allegations need not be a 'smoking gun,' but rather sufficient grounds to infer the requisite knowledge and intent." *Konami Digital Entm't v. Harmonix Music Sys., Inc.*, Civil Action No. 6:08CV286-JDL, 2009 U.S. Dist. LEXIS 117468, 2009 WL 5061812, at *2 (E.D. Tex. Dec. 14, 2009). "The heightened pleading requirements of Rule 9(b) do not require that [the alleged infringer] prove the merits of its claim. What is determinative here is that [the patentee] was given fair notice of the basis for [the alleged infringer's] inequitable conduct defense." *WesternGeco v. Ion Geophysical Corp.*, Civil Action No. 09-CV-1827, 2009 U.S. Dist. LEXIS 100277, 2009 WL 3497123, at *7 (S.D. Tex. Oct. 28, 2009).

Oracle argues first that DrugLogic's inequitable conduct claim must be dismissed because "Oracle actually did disclose the alleged prior art to the patent examiner by referring to it in the body of the patent specification." (Oracle Mem. at 5).

Mere passing mention of the existence of certain prior art without providing the art or at least a detailed and complete explanation of it to the examiner actually raises the inference that the patentee intentionally misled the examiner. *Advanced Ion Beam Tech., Inc. v. Varian Semiconductor Equip. Assocs.*, 721 F. Supp. 2d 62, 79 (D. Mass. 2010) states:

> With respect to the White Reference, it is undisputed that the defendant inventors discussed it briefly in the background to the invention. While this might suggest that the defendants did not intend to withhold the Reference from the PTO, AIBT claims that the inventors were obligated to disclose the full publication to the PTO, and that their failure to do so constituted fraud... [T]his court finds that the plaintiff's allegations are sufficient to support an inference that the defendants acted with the requisite intent….
>
> The fact that the inventors discussed the Reference in the . . . patent specification indicates that they were aware of its contents, and consequently, its relevance… Thus, although it is undisputed that the defendant inventors disclosed the existence of the White Reference in their patent specification, this court concludes that the allegations of their failure to include it on their disclosure statements or to otherwise bring pertinent parts of the Reference to the Patent Examiner's attention, despite their knowledge of its significance, are sufficient to state a claim that the defendants intended to mislead the PTO.

*Id.* See also, *Golden Valley Microwave Foods, Inc.*, 837 F.Supp. 1444, (N.D. In. 1992) ("prior art has to be brought to the attention of the examiner in an adequate fashion") (quotations and citations omitted).

Oracle argues next that DrugLogic's inequitable conduct claim must be dismissed because it fails to provide any details on the "what," "where," "why" or "how" of Oracle's inequitable conduct.

DrugLogic's allegations provide details that are more than adequate to plead the who, what, where, why and how:

    1.    An applicant for patent has a duty to disclose to the USPTO all material information known to the inventor or to any other person involved in the prosecution of the patent that pertains to the claimed invention. (DrugLogic's Pleading, ¶¶ 31, 110).

    2.    The claimed invention of the '221 patent, in the words of its inventor, is "storing and classifying … a plurality of clinical or scientific terms according to a hierarchy of relations," that is, a hierarchical relational thesaurus dictionary of clinical or scientific terms. . (DrugLogic's Pleading, ¶¶ 37, 38, 116, 117).

    3.    Prior to the filing of the '221 patent in 1999, medical thesaurus dictionaries, arranged according to a hierarchy of relations, were well known and in wide use. (DrugLogic's Pleading, ¶¶ 112-114). These hierarchical relational medical thesaurus dictionaries included WHO-Drug, COSTART and CPT, to name a few. (DrugLogic's Pleading, ¶¶ 34, 35, 113, 114).

    4.    The inventor of the '221 patent, Kim Rejndrup, and his patent attorney were aware of the existence of at least WHO-Drug, COSTART and CPT as evidenced by their mention in the '221 patent. (DrugLogic's Pleading, ¶¶ 34, 113).

    5.    Although inventor Kim Rejndrup and his patent attorney mentioned the existence of WHO-Drug, COSTART and CPT in the specification of the '221 patent, Kim Rejndrup and his patent attorney both failed to provide copies of these documents to the USPTO. (DrugLogic's Pleading, ¶¶ 33, 36, 43, 115, 121). In addition, Kim Rejndrup and his patent attorney both failed to provide a complete or accurate description of WHO-Drug, COSTART or CPT. DrugLogic's Counterclaims, ¶ 42, 121. Rejndrup and his patent attorney both failed to advise the USPTO that WHO-Drug, COSTART and CPT are hierarchical relational medical thesaurus dictionaries. (DrugLogic's Pleading, ¶¶ 42, 121).

6. The fact that WHO-Drug, COSTART and CPT are hierarchical relational medical thesaurus dictionaries is highly material to the invention of the '221 patent given that they are discussed in the specification of the '221 patent and especially given that the inventor himself characterized his invention as classifying "a plurality of terms, such as clinical or scientific terms according to a hierarchy of relations." . (DrugLogic's Pleading, ¶¶ 37, 116).

The fact that the failure to disclose this information to the Patent Office was made with an intent to deceive may be readily inferred from the fact that the inventor and his patent attorney mentioned WHO-Drug, COSTART and CPT in the specification, but described them merely as "vendor-supplied dictionaries," failed to correctly described them as hierarchical relational thesaurus dictionaries, and failed to provide an Information Disclosure Statement with copies of the references to the Patent Office so that the examiner could reach his own conclusions. (DrugLogic's Pleading, ¶¶40-43).

These allegations cannot reasonably be deemed insufficient as to the who, what, where, why or how of Oracle's inequitable conduct.

## VI. THE FOURTH AND FIFTH AFFIRMATIVE DEFENSES

Oracle asks that two affirmative defenses be stricken. It points to no prejudice from DrugLogic's pleading of those two defenses.

Oracle's first three claims allege infringement of Oracle's patent, and seek declaratory judgment regarding DrugLogic's patent. DrugLogic's prayer for relief includes a request for attorneys' fees and costs with respect to those three claims. (DrugLogic's Counterclaims, Prayer for Relief on pages 6 and 7).

The Fifth Affirmative Defense gives Oracle notice of a particular basis for fees: The same three claims are exceptional under 35 U.S.C. § 285. (DrugLogic's Pleading, ¶ 45). Whether a case is exceptional is determined at the end of the case, because bad faith litigation is required under § 285, and only at the end are fees known. See, *DePuy Spine,* 567 F.3d at 1339.

As one of Oracle's cases states, attorneys' fees are to be sought by way of a motion under Fed.R.Civ.P. 54(d)(2). *Barnes v. AT&T Pension Benefit Plan – Nonbargained Program,* 718 F.Supp. 2d 1167, 1174-75 (N.D. Cal. 2010) (noting that motions to strike are disfavored). See also, *Nycomed U.S. Inc. v. Glenmark Generics Ltd.,* 2010 U.S. Dist. Lexis 29267, *8 (E.D.N.Y. March 26, 2010) ("a party pleading 'exceptional case' is simply noting its intention to move for attorney fees at the conclusion of the case, pursuant to 35 U.S.C. § 285").

The Fifth Affirmative Defense is harmlessly redundant, and should remain. Briefing and deciding the issue changes nothing and wastes resources. Alternatively, DrugLogic can withdraw the Fifth Affirmative Defense, and will rely on its prayer for relief, and pursue attorneys' fees by motion if the facts warrant.

The other affirmative defense Oracle complains about is DrugLogic's Fourth Affirmative Defense, regarding discovery of additional affirmative defenses during the course of the case. The schedule the parties have been negotiating includes a date for amendment of the pleadings. DrugLogic will be able to amend if necessary, and withdraws its Fourth Affirmative Defense.

## VII. CONCLUSION

Oracle's motion is without merit. Its analysis of DrugLogic's pleading is selective and not in accordance with the law. Its analysis of the case law is incorrect and incomplete. DrugLogic's pleading provides sufficient factual details and is not conclusory.

After Oracle's motion was filed, the Federal Circuit decided *Therasense, Inc. et al. v. Becton, Dickinson & Co. et al,* 2011 U.S.App. LEXIS 10590. (Fed. Cir. May 25, 2011) (*en banc).* This decision, like *Seagate* and *DePuy Spine,* dealt with the standards for proof of inequitable conduct, not the pleading of inequitable conduct. The decision is not applicable here, but DrugLogic wants the Court to be aware of its decision. Second, if the Court does not agree

13

ORACLE V. DRUGLOGIC 11-cv-0910 PSG                                    DRUGLOGIC'S OPPOSITION TO
                                                                      ORACLE'S MOTION TO DISMISS

that Oracle's motion should be denied, *Therasense* is an additional reason why DrugLogic should be allowed leave to amend.

Therefore, Oracle's motion to dismiss under Federal Rule 12(b)(6) and to strike pursuant to Federal Rule 12(f) should be denied in its entirety. Nonetheless, if this Court decides to dismiss DrugLogic's counterclaims and affirmative defenses, this Court should grant leave to amend.

June 3, 2011                                          Respectfully submitted,


/s/ Joseph N. Hosteny
Joseph N. Hosteny
Gregory P. Casimer
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515
Phone: (312) 236 0733
Fax: (312) 236 3137
E-mail: hosteny@nshn.com
E-mail: casimer@nshn.com
E-mail: gopatken@nshn.com

Martin L. Fineman
California State Bar No. 104413
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111-6533
Phone: (415) 276-6575
Fax: (415) 276-6599
E-mail: martinfineman@dwt.com


Peter J. Davis (*pro hac vice granted*)
WHITEFORD, TAYLOR & PRESTON
Seven Saint Paul Street
Baltimore, MD 21202
Phone: 410-347-8738
Fax: 410-223-4304
E-mail: pdavis@wtplaw.com

| | |
|---|---|
| 1 | Stephen A. Weitzman (*pro hac vice granted*) |
| 2 | 4950 Reedy Brook Lane |
|   | Columbia, MD 21044 |
| 3 | Phone: 301-596-5564 |
|   | Fax: 443-283-4177 |
| 4 | E-mail: saw5198@earthlink.net |
| 5 | ***Attorneys for Defendant and Counterclaimant DRUGLOGIC, INC.*** |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2011 the foregoing **DRUGLOGIC'S OPPOSITION TO ORACLE'S MOTION TO DISMISS AND STRIKE DRUGLOGIC'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

Karen Johnson-McKewan
kjohnson-mckewan@orick.com
Christina Von Der Ahe
cvonderahe@orick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700
Fax: (415) 773-5759

I. Neel Chatterjee
nchatterjee@orick.com
Michael C. Spillner
mspillner@orick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400
Fax: (650) 614-7401

***Attorneys for Oracle Corporation, Oracle International Corporation, and Phase Forward, Inc.***

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Joseph N. Hosteny
***Attorneys for Defendant and Counterclaimant, DRUGLOGIC, INC.***