1   KAREN JOHNSON-MCKEWAN (State Bar No. 121570)
      kjohnson-mckewan@orrick.com
2   CHRISTINA VON DER AHE (State Bar No. 255467)
      cvonderahe@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA  94105-2669
5   Telephone:  (415) 773-5700
    Fax:  (415) 773-5759
6
    I. NEEL CHATTERJEE (State Bar No. 173985)
7     nchatterjee@orrick.com
    MICHAEL C. SPILLNER (State Bar No. 205785)
8     mspillner@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   1000 Marsh Road
    Menlo Park, CA  94025
10  Telephone:  (650) 614-7400
    Fax:  (650) 614-7401
11  DEBORAH K. MILLER (State Bar No. 95527)
      deborah.miller@oracle.com
12  PEGGY E. BRUGGMAN (State Bar No. 184176)
      peggy.bruggman@oracle.com
13  LESLEY E. KOTHE (State Bar No. 209512)
      lesley.kothe@oracle.com
14  ORACLE CORPORATION
    500 Oracle Parkway
15  Redwood City, CA 94065
    Telephone: (650) 506-5200
16  Fax: (650) 506-7114

17  *Attorneys for Plaintiffs and Counterclaim Respondents*
    *Oracle Corporation, Oracle International Corporation, and*
18  *Oracle America, Inc.*

                   UNITED STATES DISTRICT COURT
19                NORTHERN DISTRICT OF CALIFORNIA

20  ORACLE CORPORATION and ORACLE          Case No. C 11-00910 JCS
    INTERNATIONAL CORPORATION,
21                    Plaintiffs,           **PLAINTIFFS AND COUNTERCLAIM
                                            DEFENDANTS ORACLE
22            v.                            CORPORATION, ORACLE
                                            INTERNATIONAL CORPORATION,
    DRUGLOGIC, INC.,                        AND ORACLE AMERICA, INC.'S
23                    Defendant.            FIRST AMENDED ANSWER AND
                                            DEFENSES TO DRUGLOGIC, INC.'S
24  _____    SECOND AMENDED
    DRUGLOGIC, INC.,                        COUNTERCLAIMS**
25                    Counterclaimant,
              v.
26  ORACLE CORPORATION, ORACLE
    INTERNATIONAL CORPORATION, and
27  ORACLE AMERICA, INC.,
                    Counterclaim Defendants.
28

1   Plaintiffs and Counterclaim Defendants Oracle Corporation, Oracle International

2   Corporation, and Oracle America, Inc. ("Oracle") respond as follows to Defendant and

3   Counterclaim Plaintiff DrugLogic, Inc.'s Second Amended Answer, Defenses, Counterclaims and

4   Demand for Jury Trial ("DrugLogic's Counterclaims" or "Counterclaims").  Oracle notes that the

5   Court, in its Order of November 16, 2011, either dismissed or struck certain portions of

6   DrugLogic's Counterclaims.  Oracle will note those portions below, and will not respond to those

7   portions.  Unless specifically admitted below, Oracle denies each and every allegation in

8   DrugLogic's Counterclaims.

9   **I.**

10   **ANSWER TO COUNTERCLAIMS**

11   **NATURE OF THE ACTION**

12   52.   Oracle admits that DrugLogic's Counterclaims purport to assert claims for patent

13   infringement alleging infringement of U.S. Patent No. 6,789,091 B2, entitled "Method and

14   System for Web-Based Analysis of Drug Adverse Effects" ( "the '091 Patent") purportedly

15   arising under the patent laws of the United States, 35 U.S.C. §§1 *et seq.*, for breach of contract

16   purportedly arising under the laws of the State of California, for fraud, for intentional interference

17   with prospective economic relations, for negligent interference with prospective economic

18   relations, for unfair competition under California Business & Professions Code § 17200, for

19   unjust enrichment/restitution, and for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and

20   2202 that U.S. Patent No. 6,684,221, entitled "Uniform Hierarchical Information Classification

21   and Mapping System" ("the '221 Patent").  Except as so expressly admitted herein, Oracle denies

22   the allegations in Paragraph 52 of the Counterclaims.

23   **PARTIES**

24   53.   Oracle is without knowledge or information sufficient to form a belief as to the

25   truth of the statements in Paragraph 53 of the Counterclaims, and on that basis denies those

26   allegations.

27

28

54.    Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 54 of the Counterclaims, and on that basis denies those allegations.

55.    Oracle admits the allegations in Paragraph 55 of the Counterclaims.

56.    Oracle admits the allegations in Paragraph 56 of the Counterclaims.

57.    Oracle admits the allegations in Paragraph 57 of the Counterclaims.

58.    Oracle admits that on March 23, 2009, Oracle announced that it agreed to acquire Relsys.  Oracle admits that following the completion of the acquisition, Relsys was merged with and into Oracle's wholly-owned subsidiary Oracle Systems Corporation, with Oracle Systems Corporation being the surviving entity.  Oracle admits that Relsys (India) Private Limited is an international subsidiary of Oracle.  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 58 of the Counterclaims.

59.    Oracle is without knowledge or information sufficient to form a belief about DrugLogic's intended meaning of the phrase, "Argus Perceptive helps life sciences companies proactively detect safety signals via real-time monitoring of product-event combinations and provides an integrated platform for real-time risk analysis," and on that basis denies that allegation.  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 59 of the Counterclaims.

60.    Oracle admits the allegations in Paragraph 60 of the Counterclaims.

61.    Oracle admits the allegations in Paragraph 61 of the Counterclaims.

62.    Oracle admits the allegations in Paragraph 62 of the Counterclaims.

63.    Oracle admits that prior to its acquisition by Oracle, Phase Forward, Inc. ("Phase Forward") was a direct competitor of DrugLogic.  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 63 of the Counterclaims.

64.    Oracle admits the allegations in Paragraph 64 of the Counterclaims.

**JURISDICTION AND VENUE**

65.    Paragraph 65 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest subject matter jurisdiction.

66.     Paragraph 66 of the Counterclaims calls for a legal conclusion, so no response is required.

67.     Paragraph 67 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest personal jurisdiction.

68.     Paragraph 68 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest personal jurisdiction.

69.     Paragraph 69 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest personal jurisdiction.  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 69 of the Counterclaims.

70.     Paragraph 70 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest venue.

## FACTS

### Summary

71.     Oracle denies the allegations in Paragraph 71 of the Counterclaims.

72.     Oracle admits that in the 1990s, Relsys developed a working drug safety surveillance system called Argus Safety.  Except as so expressly admitted, Oracle denies the allegations in Paragraph 72 of the Counterclaims.

73.     Oracle denies the allegations in Paragraph 73 of the Counterclaims.

74.     Oracle denies the allegations in Paragraph 74 of the Counterclaims.

75.     Oracle admits that in 2004, DrugLogic and Relsys executed a Co-Marketing and Development Agreement.  Oracle admits that that Agreement provided that each party would "use reasonable, good faith efforts to promote the sale of the other party's products."  Oracle further admits that the Agreement provided that each party "may be furnished with or otherwise have access to information that the other party considers to be confidential," and that "each party agrees to secure and protect the Confidential Information of the other in a manner consistent with the maintenance of the other party's rights therein . . . ."  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 75 of the Counterclaims.

76.     Oracle denies the allegations in Paragraph 76 of the Counterclaims.

77.     Oracle admits that in 2008, DrugLogic and Relsys entered into an Addendum to the Co-Marketing and Development Agreement, and that Addendum provided that "Relsys shall not directly or indirectly sell, license, sublicense, lease, use, copy, modify, enhance, decompile, reverse engineer, reverse assemble, disclose, distribute, transfer, assign, or otherwise transfer or dispose of . . . the Product."  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 77 of the Counterclaims.

78.     Oracle denies the allegations in Paragraph 78 of the Counterclaims.

79.     Oracle denies the allegations in Paragraph 79 of the Counterclaims.

**DrugLogic's Qscan Product**

80.     Oracle admits that pharmacovigilance can be broadly characterized as the science of detecting and assessing adverse events that result from the use of pharmaceutical drugs. Oracle admits that pharmacovigilance includes, but is not limited to, early detection of unknown safety problems, detection of increases in frequency, and identification of patient risk factors. Except as so expressly admitted herein, Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 80 of the Counterclaims, and on that basis denies those allegations.

81.     Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 81 of the Counterclaims, and on that basis denies those allegations.

82.     Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 82 of the Counterclaims, and on that basis denies those allegations.

83.     Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 83 of the Counterclaims, and on that basis denies those allegations.

**Relsys' Argus Product**

84.     Oracle admits that one of Relsys's first products was medical industry complaint tracking software.  Oracle admits that in the 1990s, it developed a working drug safety

surveillance system called Argus Safety.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the second sentence in Paragraph 84, and on that basis denies those allegations.  Except as so expressly admitted herein, Oracle denies the remaining allegations in Paragraph 84 of the Counterclaims.

**DrugLogic's Relationship with Relsys**

85.     Oracle denies the allegations in paragraph 85 of the Counterclaims.

86.     Oracle admits that in 2004, DrugLogic and Relsys entered into a Co-Marketing and Development Agreement to offer "an integrated pharmacovigilance system combining Relsys' Argus and DrugLogic's Qscan product lines."  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 86 of the Counterclaims.

87.     Oracle admits that Relsys employed, among other employees, sales personnel, software developers, and personnel involved in customer training.  Oracle is without knowledge or information sufficient to form a belief as to the truth of the last two sentences of Paragraph 87 of the Counterclaims, and on that basis denies those allegations.  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 87 of the Counterclaims.

88.     Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 88 of the Counterclaims, and on that basis denies those allegations.

89.     Oracle admits that during Dr. Nelson's consultancy with Relsys, he worked with Victor Gogolak.  Oracle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 of the Counterclaims, and on that basis denies those allegations.

90.     Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 90 of the Counterclaims, and on that basis denies those allegations.

91.     Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 91 of the Counterclaims, and on that basis denies those allegations.

ORACLE'S AM. ANSWER TO COUNTERCLAIMS
CASE NO. 11-cv-00910 JCS

92.     Oracle denies the allegations in Paragraph 92 of the Counterclaims.

93.     Oracle admits that in 2007, Relsys invited DrugLogic to participate in a joint demonstration to the FDA.  Oracle is without knowledge or information sufficient to form a belief as to the truth of the last three sentences of Paragraph 93 of the Counterclaims, and on that basis denies those allegations. Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 93 of the Counterclaims.

94.     Oracle denies the allegations in Paragraph 94 of the Counterclaims.

95.     Oracle denies the allegations in Paragraph 95 of the Counterclaims.

96.     Oracle admits that, both before and after Relsys entered into the Co-Marketing and Development Agreement with DrugLogic, Relsys advertised that Argus Perceptive has features listed in Paragraph 96 of the Counterclaims.  Except as expressly so admitted herein, Oracle denies the allegations in Paragraph 96 of the Counterclaims.

97.     Oracle denies the allegations in Paragraph 97 of the Counterclaims.

98.     Oracle denies the allegations in Paragraph 98 of the Counterclaims.

## COUNTERCLAIM I

## PATENT INFRINGEMENT

99.     Oracle refers to and incorporates herein its responses as provided in Paragraphs 52-98 above.

100.    Oracle admits that DrugLogic's first counterclaim purports to assert a claim for patent infringement relating to U.S. Patent No. 6,789,091 B2 ("the '091 Patent").  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 100 of the Counterclaims.

101.    Oracle admits that DrugLogic's first counterclaim for patent infringement purports to arise under the patent laws of the United States.  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 101 of the Counterclaims.

102.    Oracle admits that the '091 Patent states on its face that it was filed on May 2, 2001 and issued on September 7, 2004.  Oracle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 102, and on that basis denies those allegations.

103.    Oracle denies the allegations in Paragraph 103 of the Counterclaims.

104.    Oracle denies the allegations in Paragraph 104 of the Counterclaims.

105.    Oracle denies the allegations in Paragraph 105 of the Counterclaims.

106.    Oracle denies the allegations in Paragraph 106 of the Counterclaims.

107.    Oracle denies the allegations in Paragraph 107 of the Counterclaims.

108.    Oracle denies the allegations in Paragraph 108 of the Counterclaims.

## COUNTERCLAIM I

## REQUESTED RELIEF

Oracle denies that DrugLogic is entitled to any of the relief sought in its prayer for relief, and otherwise denies the allegations in the prayer for relief.

## COUNTERCLAIM II

## BREACH OF CONTRACT

109.    Oracle refers to and incorporates herein its responses as provided in Paragraphs 52-108 above.

110.    Oracle admits that DrugLogic's second counterclaim purports to assert a claim for breach of contract under the laws of the State of California.  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 110 of the Counterclaims.

111.    Paragraph 111 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest subject matter jurisdiction.

112.    Oracle admits the allegations in Paragraph 112 of the Counterclaims.

113.    Oracle admits the allegations in Paragraph 113 of the Counterclaims.

114.    Oracle admits the allegations in Paragraph 114 of the Counterclaims.

115.    Paragraph 115 of the Counterclaims calls for a legal conclusion, and no response to it is required.

116.    Oracle admits the allegations in Paragraph 116 of the Counterclaims.

117.    Oracle denies the allegations in Paragraph 117 of the Counterclaims.

118.    Oracle admits that under the Addendum to the Co-Marketing and Development Agreement, Relsys agreed not to "directly or indirectly sell, license, sublicense, lease, use, copy,

modify, enhance, decompile, reverse engineer, reverse assemble, disclose, distribute, transfer, assign, or otherwise transfer or dispose of . . . the Product." Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 118 of the Counterclaims.

119.   Oracle denies the allegations in Paragraph 119 of the Counterclaims.

120.   Oracle denies the allegations in Paragraph 120 of the Counterclaims.

121.   Paragraph 121 of the Counterclaims calls for a legal conclusion, and no response to it is required. The agreement speaks for itself.

122.   Oracle denies the allegations in Paragraph 122 of the Counterclaims.

123.   Oracle denies the allegations in Paragraph 123 of the Counterclaims.

124.   Oracle denies the allegations in Paragraph 124 of the Counterclaims.

125.   Oracle denies the allegations in Paragraph 125 of the Counterclaims.

## COUNTERCLAIM II

### REQUESTED RELIEF

Oracle denies that DrugLogic is entitled to any of the relief sought in its prayer for relief, and otherwise denies the allegations in the prayer for relief.

## COUNTERCLAIM III

### FRAUD

126.   Oracle refers to and incorporates herein its responses as provided in Paragraphs 52-125 above.

127.   Paragraph 127 of the Counterclaims calls for a legal conclusion, so no response is required. Oracle does not contest subject matter jurisdiction.

128.   Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 128 of the Counterclaims, and on that basis denies those allegations.

129.   Oracle admits that the Co-Marketing and Development Agreement provides that each party will "use reasonable, good faith efforts to promote the sale of the other party's products." Oracle is without knowledge or information sufficient to form a belief as to the truth

ORACLE'S AM. ANSWER TO COUNTERCLAIMS
CASE NO. 11-CV-00910 JCS

of the remaining allegations in Paragraph 129 of the Counterclaims, and on that basis denies those allegations.

130.    Oracle admits that the Addendum to the Co-Marketing and Development Agreement provides that "Relsys shall not directly or indirectly sell, license, sublicense, lease, use, copy, modify, enhance, decompile, reverse engineer, reverse assemble, disclose, distribute, transfer, assign, or otherwise transfer or dispose of . . . the Product."  Oracle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 of the Counterclaims, and on that basis denies those allegations.

131.    Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 131 of the Counterclaims, and on that basis denies those allegations.

132.    Oracle denies the allegations in Paragraph 132 of the Counterclaims.

133.    Oracle denies the allegations in Paragraph 133 of the Counterclaims.

134.    Oracle denies the allegations in Paragraph 134 of the Counterclaims.

135.    Oracle denies the allegations in Paragraph 135 of the Counterclaims.

### COUNTERCLAIM III

### REQUESTED RELIEF

Oracle denies that DrugLogic is entitled to any of the relief sought in its prayer for relief, and otherwise denies the allegations in the prayer for relief.

### COUNTERCLAIM IV

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

136.    Oracle refers to and incorporates herein its responses as provided in Paragraphs 52-135 above.

137.    Paragraph 137 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest subject matter jurisdiction.

138.    Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 138 of the Counterclaims, and on that basis denies those allegations.

ORACLE'S AM. ANSWER TO COUNTERCLAIMS
CASE NO. 11-cv-00910 JCS

139.   Oracle denies the allegations in Paragraph 139 of the Counterclaims.

140.   Oracle denies the allegations in Paragraph 140 of the Counterclaims.

141.   Oracle denies the allegations in Paragraph 141 of the Counterclaims.

142.   Oracle denies the allegations in Paragraph 142 of the Counterclaims.

143.   Oracle denies the allegations in Paragraph 143 of the Counterclaims.

144.   Oracle denies the allegations in Paragraph 144 of the Counterclaims.

145.   Oracle denies the allegations in Paragraph 145 of the Counterclaims.

## COUNTERCLAIM IV

## REQUESTED RELIEF

Oracle denies that DrugLogic is entitled to any of the relief sought in its prayer for relief, and otherwise denies the allegations in the prayer for relief.

## COUNTERCLAIM V

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

146.   Oracle refers to and incorporates herein its responses as provided in Paragraphs 52-145 above.

147.   Paragraph 147 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest subject matter jurisdiction.

148.   Oracle is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 148 of the Counterclaims, and on that basis denies those allegations.

149.   Oracle denies the allegations in Paragraph 149 of the Counterclaims.

150.   Oracle denies the allegations in Paragraph 150 of the Counterclaims.

151.   Oracle denies the allegations in Paragraph 151 of the Counterclaims.

152.   Oracle denies the allegations in Paragraph 152 of the Counterclaims.

153.   Oracle denies the allegations in Paragraph 153 of the Counterclaims.

154.   Oracle denies the allegations in Paragraph 154 of the Counterclaims.

1

**COUNTERCLAIM V**

2

**REQUESTED RELIEF**

3

Oracle denies that DrugLogic is entitled to any of the relief sought in its prayer for relief,

4

and otherwise denies the allegations in the prayer for relief.

5

**COUNTERCLAIM VI**

6

**UNFAIR COMPETITION**

7

155.   Oracle refers to and incorporates herein its responses as provided in Paragraphs

8

52-154 above.

9

156.   Paragraph 156 of the Counterclaims calls for a legal conclusion, so no response is

10

required.  Oracle does not contest subject matter jurisdiction.

11

157.   Oracle denies the allegations in Paragraph 157 of the Counterclaims.

12

158.   Oracle denies the allegations in Paragraph 158 of the Counterclaims.

13

159.   Oracle denies the allegations in Paragraph 159 of the Counterclaims.  Further, the

14

Court has Ordered that, to the extent DrugLogic's sixth counterclaim is based on common law

15

unfair competition, that counterclaim is dismissed.

16

160.   Oracle denies the allegations in Paragraph 160 of the Counterclaims.

17

161.   Oracle denies the allegations in Paragraph 161 of the Counterclaims.

18

162.   Oracle denies the allegations in Paragraph 162 of the Counterclaims.  Further, the

19

Court has struck DrugLogic's request for disgorgement of profits with respect to this

20

counterclaim.

21

**COUNTERCLAIM VI**

22

**REQUESTED RELIEF**

23

Oracle denies that DrugLogic is entitled to any of the relief sought in its prayer for relief,

24

and otherwise denies the allegations in the prayer for relief.

25

**COUNTERCLAIM VII**

26

**UNJUST ENRICHMENT/RESTITUTION**

27

163.   Oracle refers to and incorporates herein its responses as provided in Paragraphs

28

52-162 above.

ORACLE'S AM. ANSWER TO COUNTERCLAIMS
CASE NO. 11-CV-00910 JCS

164.    Paragraph 164 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest subject matter jurisdiction.

165.    Oracle denies the allegations in Paragraph 165 of the Counterclaims.

166.    Oracle denies the allegations in Paragraph 166 of the Counterclaims.

167.    Oracle denies the allegations in Paragraph 167 of the Counterclaims.

## COUNTERCLAIM VII

## REQUESTED RELIEF

Oracle denies that DrugLogic is entitled to any of the relief sought in its prayer for relief, and otherwise denies the allegations in the prayer for relief.

## COUNTERCLAIM VIII

## DECLARATORY JUDGMENT

## OF NON-INFRINGEMENT OF THE ORACLE '221 PATENT

168.    Oracle refers to and incorporates herein its responses as provided in Paragraphs 52-167 above.

169.    Oracle admits that DrugLogic's eighth counterclaim purports to assert a claim for declaratory judgment that DrugLogic does not infringe U.S. Patent No. 6,684,221 ("the '221 Patent").  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 169 of the Counterclaims.

170.    Oracle admits that DrugLogic's eighth counterclaim purports to arise under the patent laws of the United States and the Declaratory Judgment Act.  Paragraph 170 of the Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest the existence of a case or controversy.

171.    Oracle admits the allegations in Paragraph 171 of the Counterclaims.

172.    Oracle admits that its Complaint alleges that DrugLogic directly infringes, and indirectly infringes, by way of inducing infringement and/or contributing to the infringement of, at least Claim 1 of the '221 Patent through DrugLogic's design, marketing, manufacture, and/or sale of its Qscan product suite and related products and services.  Except as expressly so admitted herein, Oracle denies the allegations of Paragraph 172 of the Counterclaims.

1    173.    Oracle denies the allegations in Paragraph 173 of the Counterclaims.

2    174.    Oracle admits the allegations in Paragraph 174 of the Counterclaims.

3    175.    Oracle admits that DrugLogic seeks a declaratory judgment of non-infringement of

4    the '221 Patent.  Except as expressly so admitted herein, Oracle denies the allegations of

5    Paragraph 175 of the Counterclaims.

6                          **COUNTERCLAIM VIII**

7                          **REQUESTED RELIEF**

8         Oracle denies that DrugLogic is entitled to any of the relief sought in its prayer for relief,

9    and otherwise denies the allegations in the prayer for relief.

10                          **COUNTERCLAIM IX**

11                          **DECLARATORY JUDGMENT**

12                 **OF INVALIDITY OF THE ORACLE '221 PATENT**

13   176.    Oracle refers to and incorporates herein its responses as provided in Paragraphs

14   52-175 above.

15   177.    Oracle admits that DrugLogic's ninth counterclaim purports to assert a claim for

16   declaratory judgment that the '221 Patent is invalid.  Except as so expressly admitted herein,

17   Oracle denies the allegations in Paragraph 177 of the Counterclaims.

18   178.    Oracle admits that DrugLogic's ninth counterclaim purports to arise under the

19   patent laws of the United States and the Declaratory Judgment Act.  Paragraph 178 of the

20   Counterclaims calls for a legal conclusion, so no response is required.  Oracle does not contest the

21   existence of a case or controversy.

22   179.    Oracle admits that its Complaint alleges that DrugLogic directly infringes, and

23   indirectly infringes, by way of inducing infringement and/or contributing to the infringement of,

24   at least Claim 1 of the '221 Patent through DrugLogic's design, marketing, manufacture, and/or

25   sale of its Qscan product suite and related products and services.  Except as expressly so admitted

26   herein, Oracle denies the allegations of Paragraph 179 of the Counterclaims.

27   180.    Oracle denies the allegations of Paragraph 180 of the Counterclaims.

28   181.    Oracle admits the allegation of Paragraph 181 of the Counterclaims.

182.   Oracle admits that DrugLogic seeks a declaratory judgment of invalidity of the '221 Patent.  Except as expressly so admitted herein, Oracle denies the allegations of Paragraph 182 of the Counterclaims.

**COUNTERCLAIM IX**

**REQUESTED RELIEF**

Oracle denies that DrugLogic is entitled to any of the relief sought in its prayer for relief, and otherwise denies the allegations in the prayer for relief.

**COUNTERCLAIM X**

**DECLARATORY JUDGMENT**

**OF UNENFORCEABILITY OF THE ORACLE '221 PATENT**

183.   DrugLogic refers to and incorporates herein its responses as provided in Paragraphs 52-182 above.

184.   The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

185.   The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

186.   The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

187.   The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

188.   The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

189.   The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

190.   The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

191.   The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

192.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

193.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

194.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

195.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

196.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

197.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

198.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

199.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

200.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

201.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

202.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

203.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

204.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

205.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

206.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

207.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

208.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

209.    The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in this Paragraph of the Counterclaims.

**COUNTERCLAIM X**

**REQUESTED RELIEF**

The Court has dismissed DrugLogic's tenth counterclaim.  Accordingly, Oracle does not respond to the allegations in the prayer for relief for this counterclaim.

**JURY DEMAND**

Oracle does not object to a trial by jury on all issues so triable.

**II.**

**DEFENSES TO COUNTERCLAIMS**

As and for its affirmative defenses, Oracle alleges as follows:

**FIRST DEFENSE – NON-INFRINGEMENT**

Oracle, Phase Forward, and Relsys do not infringe and have not directly or indirectly infringed any claims of the '091 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

**SECOND DEFENSE – INVALIDITY**

DrugLogic's alleged claims for infringement of the '091 Patent are barred because each and every claim of the '091 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

DrugLogic's alleged claims for infringement of the '091 Patent are further barred because the patent falsely names Victor Gogolak as the sole inventor, though ideas relating to the alleged

ORACLE'S AM. ANSWER TO COUNTERCLAIMS
CASE NO. 11-CV-00910 JCS

1  inventions claimed in the '091 Patent originated with Booz Allen Hamilton and/or Bristol-Myers
2  Squibb.

3  **THIRD DEFENSE – LACHES**

4  DrugLogic's claims for relief are barred in whole or in part by the doctrine of laches.

5  **FOURTH DEFENSE – ESTOPPEL**

6  DrugLogic's claims for relief are barred in whole or in part by the doctrine of equitable
7  estoppel. DrugLogic led Phase Forward and Relsys to reasonably believe that DrugLogic did not
8  intend to enforce the '091 Patent against them. DrugLogic has known the functionality of
9  Relsys's Argus PV/Perceptive product since the early 2000s, including without limitation,
10 through sharing convention booths with Relsys, participating in numerous meetings with Relsys
11 and demonstrations of the product, and directly observing the product's functionality. And
12 DrugLogic has been aware of the functionality of Phase Forward's Empirica Signal product since
13 at least 2006, when DrugLogic co-presented at a conference with Phase Forward. Although
14 DrugLogic had detailed knowledge of the Relsys and Phase Forward products and their features,
15 and interacted with both companies, DrugLogic did not accuse any Relsys product of
16 infringement until March 26, 2009, and delayed in suing Relsys, Phase Forward, or Oracle for
17 infringement until December 17, 2010. Oracle, Phase Forward, and Relsys relied on DrugLogic's
18 actions and inaction, and would be materially prejudiced if DrugLogic were permitted to proceed
19 with its charge of infringement, because they continued to invest in their Empirica and Argus
20 products.

21 DrugLogic's claims for relief are also barred in whole or in part by the doctrine of
22 prosecution history estoppel. During prosecution of the '091 Patent, the patent applicant
23 narrowed the patent's claims and DrugLogic is now estopped from arguing that the accused
24 products satisfy the narrowed claims according to the doctrine of equivalents.

25 **FIFTH DEFENSE – STATUTE OF LIMITATIONS**

26 DrugLogic's claims for relief are barred in whole or in part by the applicable statutes of
27 limitations.

28

1    The statute of limitations for claims of intentional and negligent interference with

2    prospective economic advantage is two years.  DrugLogic claims that it learned that Relsys was

3    touting the same capabilities as Qscan at least as early as December 2005.  DrugLogic claims that

4    DrugLogic lost contracts with prospective customers as a result of Relsys' alleged wrongful acts

5    at least as early as June 2006.  DrugLogic claims that it learned that Relsys had sent copies of

6    Qscan to India in January 2007.  On March 26, 2009, Mr. Gogolak faxed a letter to David Bajaj,

7    accusing Relsys of various violations and reflecting that Mr. Gogolak and DrugLogic were aware

8    of their claims against Relsys at least as early as March 26, 2009.  DrugLogic asserted its claims

9    against Relsys and Oracle on April 21, 2011.  Because more than two years passed between when

10   DrugLogic had notice of these claims and when DrugLogic asserted these claims, they are barred

11   by the statute of limitations.

12   The statute of limitations for fraud is three years.  DrugLogic's fraud claim is premised on

13   allegations that Relsys falsely promised to "use reasonable, good faith efforts to promote the sale

14   of [Qscan]" and not to "transfer or dispose" of its copy of Qscan.  Based on DrugLogic's claims,

15   DrugLogic became aware of the alleged falsity of Relsys's promise to use good faith efforts to

16   promote the sale of DrugLogic at least as early as December 2005, and DrugLogic became aware

17   of the alleged falsity of Relsys' promise not to transfer its copy of Qscan at least as early as

18   January 2007.  Since more than three years passed between those dates and April 21, 2011, when

19   DrugLogic asserted its fraud claim, that claim is barred by the statute of limitations.

20   The statute of limitations for violations of California Business and Professions Code

21   § 17200 is four years after the cause of action accrued.  DrugLogic bases its claim for violations

22   of California's Business and Professions Code, at least in part, on its allegations of fraud and

23   interference with economic advantage.  Based on DrugLogic's claims, DrugLogic became aware

24   of the alleged fraud and of Relsys' alleged interference with DrugLogic's economic advantage at

25   least as early as December 2005 and January 2007.  Because more than four years passed before

26   DrugLogic asserted its Section 17200 claim, the claim is barred by the statute of limitations.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTH DEFENSE – LIMITATIONS ON DAMAGES

To the extent DrugLogic seeks damages for alleged infringement more than six years prior to the filing of this action, the relief sought by DrugLogic is barred by 35 U.S.C. § 286.

To the extent DrugLogic seeks damages for alleged infringement prior to its giving actual or constructive notice of the '091 Patent to Oracle, Phase Forward, and Relsys, the relief sought by DrugLogic is barred by 35 U.S.C. § 287.

### SEVENTH DEFENSE – NO INJUNCTIVE RELIEF

To the extent DrugLogic seeks injunctive relief for its claims, the relief sought by DrugLogic is unavailable because any alleged injury to DrugLogic is not immediate or irreparable and because DrugLogic has an adequate remedy at law for any alleged injury.

### EIGHTH DEFENSE – PATENT MISUSE AND UNCLEAN HANDS

DrugLogic is barred in whole or in part from recovering any alleged damages by the application of the doctrines of patent misuse and/or unclean hands.

### NINTH DEFENSE – GOVERNMENT IMMUNITY

To the extent DrugLogic seeks to recover damages attributable to sales of products or services to the government, the relief sought by DrugLogic is barred by 28 U.S.C. § 1498.

### TENTH DEFENSE – INEQUITABLE CONDUCT

The '091 Patent is unenforceable because its alleged sole inventor, Victor Gogolak, intentionally withheld non-cumulative, material prior art from and made material misrepresentations to the U.S. Patent and Trademark Office ("USPTO") during its prosecution.

In 1997, Mr. Gogolak was a Vice-President of a technology consulting firm called Booz Allen Hamilton ("BAH").  During that year, a global pharmaceuticals company, Bristol-Meyers Squibb ("BMS"), hired BAH to build an Internet-accessible adverse events reporting system: CARES 2.0 ("CARES") (an acronym for "Corporate Adverse Events Reporting and Evaluation System").  On information and belief, BAH was broadly divided into two divisions, one servicing government clients and the other servicing commercial clients, and although BMS was a private client, the CARES project was assigned to the government group because that group had recently developed a similar system for the U.S. Food and Drug Administration.  On information and

1    belief, BAH was intrigued by the prospect of creating a market for similar adverse event reporting

2    systems for other clients in private industry, and assigned employees of its commercial division to

3    "shadow" the government division employees working on the BMS project with an eye towards

4    developing further commercial opportunities from the technology.

5         Mr. Gogolak was a member of the CARES Advisory Committee while he was employed

6    at BAH.  He was in charge of the BAH commercial division employees assigned to follow the

7    development of CARES and to explore further commercial opportunities, and received bi-weekly

8    status reports on the project, including reports on project activities, milestones, schedules and

9    development processes. On information and belief, he was aware of the CARES functionality as a

10   result of these activities.

11        On July 8, 1999, BMS publicly announced that it would begin using CARES to monitor

12   and process all events associated with its pharmaceutical products.  Mr. Gogolak left BAH that

13   same year for a company he started called QED Solutions, Inc., in the same field of adverse event

14   reporting software.

15        In May 2001, Mr. Gogolak applied for the '091 Patent, claiming an online adverse event

16   reporting system he claimed to have invented on his own.  Although Mr. Gogolak was well aware

17   of the CARES system, he did not disclose CARES to the USPTO.

18        Mr. Gogolak owed the USPTO a duty of candor to disclose all non-cumulative, material

19   prior art he was aware of during the prosecution of the '091 Patent. 37 C.F.R. § 1.56.  The prior

20   invention and commercial use of CARES were non-cumulative and material to the prosecution of

21   the '091 Patent.  CARES  is a computer-implemented adverse events reporting system with

22   material similarities to the system disclosed by at least claims 1, 2, 8, and 9 of the '091 Patent.

23   Like the system of the '091 Patent, CARES stores and updates data regarding the risks of adverse

24   events from the use of pharmaceutical products.  CARES stores data in servers linked to the

25   Internet, making this data accessible to remote users upon submission of a user name and

26   password affiliated with an authorized account.  CARES permits users to identify a

27   pharmaceutical product of interest, and to select, analyze, and display adverse event data for that

28   product. CARES enables a user to search adverse event cases by product and/or event, and to

analyze and display adverse event data for that product by way of case search results.  It displays data through graphical analysis, and associates hyperlinks with a plurality of portions of data to allow a user to "drill down" through increasingly detailed levels of data for a particular drug, including case details.  CARES also analyzes adverse event data with a data mining engine.

On June 24, 2003, the USPTO rejected claims 1 and 8 of the application, finding the claims obvious based on the prior art.  On November 5, 2003, Mr. Gogolak attempted to overcome the rejection by adding the last element of claims 1 and 8, relating to hyperlinks in a hierarchy and "analytical drill down" functionality, as additional limitations. Mr. Gogolak represented to the USPTO that "[o]ne of the features that provides significant improvement over any prior art adverse research system or methodologies is the association of analytical results and underlying data with hyperlinks, which are respectively associated with different places in a hierarchy" and that "[i]ndependent claims 1 and 8 have been amended to further emphasize this particular feature of the present invention."  Mr. Gogolak insisted that "none of the prior art of record even remotely discloses or suggests the features of the present invention now recited in amended claims 1 and 8."  These assertions were false because at least the CARES prior art disclosed such features.

Mr. Gogolak also misrepresented himself as sole inventor, and failed to disclose that ideas relating to the alleged inventions claimed in Claims 1, 2, 8, and 9 originated with BAH and/or BMS.

Upon information and belief, Mr. Gogolak's failure to disclose CARES, and his misrepresentations to the Patent Office about the prior art and about his purported sole inventorship, were purposeful and made with the specific intent to deceive the USPTO in order to obtain the allowance of the '091 Patent.

On information and belief, if information about CARES had not been withheld, and if Mr. Gogolak had not made these misrepresentations and omissions, the patent examiner would have again rejected the claims.

Accordingly, Oracle seeks, and is entitled to, a judgment that the '091 Patent is unenforceable due to Mr. Gogolak's inequitable conduct.

ORACLE'S AM. ANSWER TO COUNTERCLAIMS
CASE NO. 11-CV-00910 JCS

1    Dated: December 19, 2011               Respectfully submitted,

2                                    ORRICK HERRINGTON & SUTCLIFFE LLP
KAREN JOHNSON-MCKEWAN

3                                    I. NEEL CHATTERJEE
MICHAEL C. SPILLNER

4                                    CHRISTINA VON DER AHE

5                                    By:     */s/ Christina Von der Ahe /s/*
                                          Christina Von der Ahe

6

7                                Attorneys for Plaintiffs and Counterclaim
Defendants Oracle Corp., Oracle Int'l Corp. and
Oracle America, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### CERTIFICATE OF SERVICE

3

4

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 19, 2011.

5

Dated: December 19, 2011               Respectfully submitted,

6

*/s/ Christina  Von der Ahe /s/*
_____
Christina Von der Ahe

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28